36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Karima N. RAFIDI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3201.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1994.
 
 Before NEWMAN, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Karima N. Rafidi appeals the January 5, 1994 decision[1] of the Merit Systems Protection Board (Board), Dkt. No. DA0843930010I1, sustaining the Office of Personnel Management's (OPM) reconsideration decision denying her petition for benefits based on the federal employment of her former spouse. We vacate and remand for further proceedings consistent with this opinion.
 
 BACKGROUND
 
 2
 Karima and Naim Rafidi were married on August 31, 1958. Karima subsequently filed a petition for divorce with the District Court for the 303rd Judicial District of Dallas County, Texas (Texas state court). On July 3, 1985, that court issued a decree of divorce. The divorce decree awarded Karima a portion of Naim's "retirement benefits" based on his employment with the Department of Energy:
 
 
 3
 A portion of any and all retirement benefits valued as of the date of this Decree, if, as and when received, by reason of Respondent's employment with the U.S. Department of Energy beginning April, 1979. Said portion to be equal to three (3) divided by the total number of years and the quotient multiplied by the value as of the date of this Decree (i.e. 1/2 X 6/total number of years with Department of Energy X value of retirement benefits as of the date of this Decree).
 
 
 4
 The provisions of the decree became final on August 5, 1986, when the Court of Appeals for the Fifth District of Texas at Dallas affirmed the lower court's decision.
 
 
 5
 Naim Rafidi remarried in 1986, prior to the time that his divorce from Karima became final. On July 1, 1987, he elected to change his retirement coverage from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). Seven days later, on July 8, 1987, he died.
 
 
 6
 Karima then applied to OPM for benefits based on the federal employment of Naim. In a letter dated December 7, 1991, OPM denied the application on the ground "[t]here is no court awarded survivor annuity benefit for you." In a letter dated December 26, 1991, Karima requested OPM to reconsider its decision noting that "[t]he Court Services in Dallas state that retirement benefits and death benefits are synonymous regarding spouse entitlements." In a decision dated September 16, 1992, OPM affirmed its initial decision. OPM reasoned that an award of retirement benefits was not available to Karima under the decree because "Mr. Rafidi had died while still employed by the Federal government. Since Mr. Rafidi did not receive a FERS annuity there are no retirement benefits for us to distribute to you." It also reasoned that survivor annuity benefits were not available because (1) Karima was not Naim's spouse at the time of his death, and (2) the divorce decree did not award her any such benefits.
 
 
 7
 Karima then appealed to the Board. In an initial decision dated January 12, 1993, the AJ sustained OPM's reconsideration decision. The AJ determined that the decree, when interpreted in light of OPM guidelines, did not award Karima a portion of Naim's retirement contributions. As the AJ explained:
 
 
 8
 Under [OPM's] Guidelines, orders using retirement benefits or similar terms will be interpreted as dividing an annuity; orders using retirement accounts, or retirement funds, or similar terms will be interpreted as dividing the contributions. Orders that are unclear about whether they are dividing an annuity or a refund of contributions will be interpreted as dividing an annuity.
 
 
 9
 The qualifying court order in the instant case did not award the appellant a portion of her former spouse's contributions to his retirement plan since the qualifying court order made no reference to dividing contributions, deductions, deposits, retirement accounts, retirement fund, or similar terms. The qualifying court order states that the appellant is to receive a portion of her former spouse's retirement benefits if, as, and when, received by her former spouse. The use of "if" clearly shows that the appellant's receipt of any portion of her former spouse's retirement benefits was contingent on his receipt of those benefits. At the time of his death, the appellant's former spouse was still employed by the Federal government.... Therefore, Naim Rafidi was never in receipt of any retirement benefits. (Emphasis in original).
 
 
 10
 Karima then filed a petition for review. In the decision that gave rise to this appeal, the Board denied the petition for failure to meet the criteria for review set forth in 5 CFR Sec. 1201.115. Moreover, after reopening the case on its own motion under 5 CFR Sec. 1201.117, the Board affirmed the AJ's initial decision as modified.
 
 
 11
 The Board first took note of the ambiguous nature of the divorce decree. According to the Board, the "if, as and when received" language supports the AJ's interpretation that the Texas state court intended to apportion "any annuity that Naim Rafidi actually received during his life based on his federal service." On the other hand, according to the Board, "other language in the decree appears to contemplate an award of a finite sum representing the appellant's share of the value of her former husband's federal retirement benefits on the date of the divorce, to be paid in installments from any federal retirement annuity he might receive during his life."
 
 
 12
 In any event, the Board concluded, Karima's claim fails because
 
 
 13
 The decree specifies only that the appellant is entitled to receive a portion of her former husband's "retirement benefits," and as noted above, he died before retiring. The court could have awarded appellant some of all of the FERS death benefit that was otherwise payable to Naim Rafidi's wife at the time of his death. The decree's plain reference to "retirement benefits," however, cannot reasonably be interpreted to include "death benefits" or "survivor benefits."
 
 
 14
 This appeal followed.
 
 DISCUSSION
 
 15
 On appeal, our task is to determine whether the Board's decision is:
 
 
 16
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 17
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 18
 (3) unsupported by substantial evidence.
 
 
 19
 5 U.S.C. Sec. 7703(c) (1988); see Cheeseman v. OPM, 791 F.2d 138 (Fed.Cir.1986), cert. denied, 478 U.S. 1037 (1987).
 
 
 20
 The sole issue on appeal is whether Karima is entitled to any benefits based on the provisions of the divorce decree.[2] In that regard, 5 U.S.C. Sec. 8445(f)(1) (1988) provides:
 
 
 21
 Any amount under section 8442(b)(1)(A) which would otherwise be payable to a widow or widower based on the service of another individual shall be paid (in whole or in part) by the Office to a former spouse of such individual if and to the extent expressly provided for in the terms of a court decree of divorce, annulment, or legal separation, or the terms of a court order or court-approved settlement incident to any decree of divorce, annulment, or legal separation.
 
 
 22
 The referenced section, 8442(b)(1)(A), provides in relevant part:
 
 
 23
 If an employee ... dies after completing at least 18 months of civilian service ... and is survived by a widow or widower, the widow or widower is entitled to--
 
 
 24
 (A) an amount equal to the sum of--
 
 
 25
 (i) 50 percent of the final annual rate of basic pay (or of the average pay, if higher) of the employee ...; and
 
 
 26
 (ii) $15,000 as adjusted [for cost-of-living].
 
 
 27
 The relevant OPM regulation, 5 CFR Sec. 841.903(a) (1992), provides:
 
 
 28
 A former spouse ... is entitled to a portion of an employee's retirement benefits only to the extent that the division of retirement benefits is expressly provided for by the court order. The court order must divide retirement benefits, award a payment from employee retirement benefits, or award a former spouse annuity.
 
 
 29
 As noted, the Board determined that Karima's claim failed because the decree was necessarily limited to an award of "retirement benefits" in contrast to "death benefits."
 
 
 30
 We cannot agree. The decree plainly contemplated an award of retirement benefits as valued on the date of the decree. It thus appears the court intended in effect to award Karima a portion of Naim's accumulated retirement contributions, regardless of how the contributions are ultimately paid out. This interpretation is supported by Karima's assertion to OPM that "[t]he Court Services in Dallas state that retirement benefits and death benefits are synonymous regarding spouse entitlements."
 
 
 31
 The "if, as and when received" language appearing in the decree is not necessarily to the contrary. That language can be read as simply establishing the source of Karima's award--if, as and when payments are made to anyone based on the contributions, Karima is entitled to her specified share. The Board erred in concluding that this language necessarily limited the source of Karima's award to payments to Naim.
 
 
 32
 Although the "expressly provided for" language appearing in 5 U.S.C. Sec. 8445(f)(1) means OPM may not award benefits unless they are specified in the decree, see Thomas v. O.P.M., 46 M.S.P.R. 651, 654 (1991), the language does not require OPM or the Board to ignore what appears to be a court's clear intent either. As the Board has recognized, "[t]o say that a provision must be 'express,' however, is not to say that it must contain particular 'magic words.' " Id.
 
 
 33
 In view of the language employed in the decree, and appellant's representations regarding how the Court Services in Dallas understand such language, and particularly in view of the Board's own reservations about the correctness of OPM's decision, we believe justice would be better served by requiring OPM to defer a final decision in this matter until Karima has had a reasonable opportunity to obtain from the Texas court clarification of the scope of the provision in the decree, specifically whether "any and all retirement benefits" was intended to include such benefits as a survivor benefit should Naim die before taking his contributions in the form of a retirement annuity. Accordingly, we vacate the decision of the Board, and remand the matter to the Board with instructions to order OPM to proceed in a manner consistent with this opinion.
 
 CONCLUSION
 
 34
 We have considered the remaining issues raised by the parties, including Karima's assertions regarding the validity of Naim's second marriage, and purported errors in the corresponding marriage certificate, and find them to be irrelevant or not dispositive. The decision of the Board sustaining OPM's reconsideration decision is vacated, and the matter is remanded for further proceedings consistent with this opinion.
 
 COSTS
 
 35
 Each party to bear its own costs.
 
 
 
 [1]
 That decision became final when the Board, pursuant to its sua sponte decision to reopen the case under 5 CFR Sec. 1201.117, affirmed the January 12, 1993 initial decision of the Administrative Judge (AJ) as modified, and denied, pursuant to 5 CFR Sec. 1201.115, Karima's petition for review
 
 
 [2]
 We agree with the Government that Karima is not entitled to a widow's survivor annuity under 5 U.S.C. Secs. 8341(a)(1), 8442(b)(1) because Karima was not married to Naim on the date of the latter's death, and thus is not the "widow" of Naim. We also agree with the Government that Karima is not entitled to a former spouse's survivor annuity under section 4(b) of the Civil Service Retirement Spouse Equity Act of 1984, see 5 U.S.C. Sec. 8341 Note, because Naim did not retire or die prior to May 7, 1985